NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 5 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KENDRA WHITE, | No. 18-15789 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-00706-TLN-CMK |
| v. | |
| ANDREW SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Troy Nunley, District Judge, Presiding

Submitted February 5, 2021**

Before: SILVERMAN, CHRISTEN, and R. NELSON, Circuit Judges.

Kendra White appeals pro se the district court's affirmance of the

Commissioner of Social Security's denial of her application for disability

insurance benefits under Title II of the Social Security Act. We have jurisdiction

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

The ALJ provided germane reasons for giving little weight to the opinion of treating Nurse Shirley Rigg and specific and legitimate reasons for discounting the Work Status Report submitted by Dr. Oliver. Dr. Oliver's note excused White from work for one day and provided no additional details regarding her impairment or workplace limitations. Nurse Rigg's note similarly does not detail any specific functional limitations and only excused White from work for 60 days. The ALJ found that Nurse Rigg's note conflicted with her own treatment notes indicating that White's exam results were relatively normal, and that White need only avoid hazards such as heights or climbing. These relatively normal exam findings were consistent with a second letter from Nurse Rigg to White's employer, FedEx, indicating in October 2013 that White needed a neurology consult to return to her "usual employment," but that White could work in a position that avoided height hazards and machinery, and was able to work in a "clerical position." Additionally, Rigg's assessment in the treatment notes that White could perform clerical work and work that avoided hazards was supported by the assessments of the state agency physicians, Dr. Pan and Dr. Amon, who indicated that White needed "hazard limits only." The ALJ did not err because these assessments were consistent with the medical record as a whole, which did not provide objective

2

medical evidence to support White's allegations of a worsening seizure condition or the frequency of seizures she reported in her "Seizure Schedule" and her testimony at the hearing. Nor does the evidence support White's argument on appeal that clerical work would be "too stressful" for her, because the medical evidence shows normal psychological exams, and White did not allege any mental impairment as the basis for her disability application.

The ALJ's assessment that White could perform her past relevant work was based on the assessment of White's RFC, which was supported by substantial evidence. On the basis of that assessment, the ALJ posed specific questions to the vocational expert that accounted for White's impairments due to her seizure disorder, and White does not identify any error in the ALJ's questioning of the VE. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1163 (9th Cir. 2001) ("An ALJ must propose a hypothetical that is based on medical assumptions supported by substantial evidence in the record that reflects each of the claimant's limitations."). The ALJ did not err in determining that White could perform her past relevant work, as it was within the limitations set by the proper assessment of White's RFC.

**AFFIRMED.**